# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | |
| BRAZOS LICENSING AND | § | CIVIL ACTION 6:20-cv-00923-ADA |
| DEVELOPMENT, | § | CIVIL ACTION 6:20-cv-00924-ADA |
| *Plaintiff*, | § | CIVIL ACTION 6:20-cv-00925-ADA |
| | § | CIVIL ACTION 6:20-cv-00926-ADA |
| v. | § | CIVIL ACTION 6:20-cv-00927-ADA |
| | § | |
| NEC CORPORATION, | § | |
| *Defendant.* | § | |
| | § | |

## [PROPOSED] AGREED AMENDED SCHEDULING ORDER

| Deadline | Item |
|---|---|
| May 10, 2021<br>[7 days before CMC] | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| May 24, 2021<br>[2 weeks after CMC] | The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material.  Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| July 12, 2021<br>[7 weeks after CMC] | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).[2] |
| July 19, 2021<br>[9 weeks after CMC] | Parties exchange claim terms for construction. |
| August 5, 2021<br>[11 weeks after CMC] | Parties exchange proposed claim constructions. |
| August 5, 2021<br>[12 weeks after CMC] | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[3]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| August 13, 2021<br>[13 weeks after CMC] | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| September 3, 2021<br>[14 weeks after CMC] | Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| October 1, 2021<br>[17 weeks after CMC] | Plaintiff files Responsive claim construction brief. |
| October 22, 2021<br>[19 weeks after CMC] | Defendant files Reply claim construction brief. |

---

[2] To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-Markman phase of the case.

[3] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| November 5, 2021<br>[21 weeks after CMC] | Plaintiff files a Sur-Reply claim construction brief. |
| November 9, 2021<br>[22 weeks after CMC<br>(but at least 10 days before *Markman* hearing)] | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[4] |
| November 10, 2021<br>[3 business days after submission of sur-reply] | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| November 19, 2021<br>[23 weeks after CMC<br>(or as soon as practicable)] | *Markman* Hearing at 9:30 a.m. (1.5 hours) |
| November 20, 2021<br>[1 business day after *Markman* hearing] | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| December 31, 2021<br>[6 weeks after *Markman* hearing] | Deadline to add parties. |
| January 21, 2022<br>[8 weeks after *Markman* hearing] | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions.<br><br>This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| March 11, 2022<br>[16 weeks after *Markman* hearing] | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| May 6, 2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |

---

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| June 17, 2022 [30 weeks after *Markman* hearing] | Close of Fact Discovery. |
| June 24, 2022 [31 weeks after *Markman* hearing] | Opening Expert Reports. |
| August 1, 2022 [35 weeks after *Markman* hearing] | Rebuttal Expert Reports. |
| August 22, 2022 [38 weeks after *Markman* hearing] | Close of Expert Discovery. |
| August 29, 2022 [39 weeks after *Markman* hearing] | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| September 6, 2022 | The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| September 12, 2022 [40 weeks after *Markman* hearing] | Dispositive motion deadline and *Daubert* motion deadline. *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| October 3, 2022 | Oppositions to dispositive motions and *Daubert* motions. |
| October 17, 2022 | Replies in support of dispositive motions and *Daubert* motions. |
| October 24, 2022 [42 weeks after *Markman* hearing] | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| November 7, 2022 [44 weeks after *Markman* hearing] | Serve objections to pretrial disclosures/rebuttal disclosures. |
| November 14, 2022 [45 weeks after *Markman* hearing] | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |

| | |
|---|---|
| November 21, 2022<br>[46 weeks after *Markman* hearing] | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| November 28, 2022<br>[47 weeks after *Markman* hearing] | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| December 5, 2022<br>[3 business days before Final Pretrial Conference] | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| December 8, 2022<br>[49 weeks after *Markman* hearing (or as soon as practicable)] | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| December 19, 2022<br>[52 weeks after *Markman* hearing (or as soon as practicable)] | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

**SIGNED** this 23rd day of September, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE