**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | § | |
| BRAZOS LICENSING AND | § | C.A. No. 6:20-cv-00923-ADA |
| DEVELOPMENT, | § | C.A. No. 6:20-cv-00924-ADA |
| | § | C.A. No. 6:20-cv-00925-ADA |
| *Plaintiff*, | § | C.A. No. 6:20-cv-00926-ADA |
| | § | C.A. No. 6:20-cv-00927-ADA |
| v. | § | |
| | § | Jury Trial Demanded |
| NEC CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff WSOU Investments, LLC ("WSOU") opposes Defendant NEC Corporation's Motion for Reconsideration of Plaintiff's Motion to Strike Defendant's Opening Claim Construction Submission (Dkt. 37).

The Court should deny NEC's Motion. To the extent not already mooted by NEC's filing of its Re-Submitted Opening Claim Construction Brief (Dkt. 38), NEC's Motion is meritless for numerous reasons, including: (A) the Court properly exercised its broad discretion to remedy NEC's violation of the Court's order regarding claim construction briefing limits; (B) the Court's remedy was reasonable; (C) NEC's violation of the Court's order prejudiced WSOU; and (D) NEC was not denied a fair opportunity to oppose WSOU's motion to strike.

Furthermore, granting NEC's Motion would greatly disrupt the Court's case schedule, particularly given the *Markman* hearing scheduled for November 19, 2021 (Dkt. 32 at 4), the current claim construction briefing schedule (Dkt. 39), and the fact that NEC has already re-submitted its opening claim construction brief regarding a different set of claim terms (Dkt. 38) than those briefed in NEC's original, now-stricken opening brief.

1

A. **Striking NEC's Entire Opening Brief Submission Was a Proper Exercise of the Court's Broad Discretion to Enforce Its Rulings and Manage Its Docket**

"The district court has broad discretion in controlling its own docket." *Edwards v. Cass County, Tex.*, 919 F.2d 273, 276 (5th Cir. 1990). The Court rightly struck NEC's opening claim construction brief in its entirety because NEC violated the Court's order setting the limits for the parties' claim construction briefing. As NEC's Motion acknowledges, in the Court's September 1, 2021 e-mail order, the Court permitted the parties to brief 16 disputed claim terms in a 45-page principal brief. Dkt. 37-23 (Motion Ex. B) at 1. "[T]he Court's intent was obvious." Dkt. 37-27 (Motion Ex. F) at 1. Nevertheless, NEC undertook a "tactic" to skirt the Court-ordered limits. *Id.*

NEC's Motion wrongly identifies this "improper 'tactic'" as being NEC's selection of 16 terms for its opening brief. Dkt. 37 at 5. The "improper 'tactic,'" however, was NEC's inclusion of approximately 30 extra pages of briefing regarding 24 additional claim terms that were not addressed in NEC's 44-page brief—a clear violation of the Court's order. NEC is therefore wrong that "there is no legal (or factual) ground on which [its briefing] should be struck." *Id.* at 8. Indeed, the Court is afforded "broad power to control its docket and enforce its order." *Mortgage Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1320-21 (Fed. Cir. 2016) (affirming denial of motion to strike).

Had NEC believed the Court's September 1, 2021 order to be an abuse of discretion, it should have sought reconsideration of the Court's briefing limits. But NEC did not do that. Instead, without the Court's leave and without giving advance notice to WSOU, NEC filed its opening claim construction submission with a 44-page brief addressing 16 terms that NEC had elected[1] to include in the *Markman* proceedings (Dkt. 29), as well as "Appendix A," an

---

[1] NEC's Motion suggests that the parties had collaboratively "agreed" upon which 16 terms would be included in the parties' *Markman* briefing. See Dkt. 37 at 8. Not so. Rather, NEC simply

approximately 30-page supplemental brief addressing 24 additional terms (Dkt. 29-19), with a supporting declaration as "Appendix B" (Dkt. 29-20).  While NEC purported in Appendix A that WSOU need not file a responsive brief regarding those 24 additional terms, it was utterly unrealistic for NEC to believe that WSOU could be content with permitting NEC to unilaterally lodge a one-sided 30-page brief and supporting declaration on the Court's docket—alleging that numerous claims of WSOU's patents are invalid—without WSOU also submitting its own positions regarding the issues in NEC's unauthorized briefing.

NEC cites no authority that allows it to end-run the Court's clear order and cram an additional 30-page brief and supporting declaration onto the Court's docket without leave of Court and purportedly with no expectation of a response from WSOU or the Court.  "The Supreme Court has long recognized that district courts have broad discretion to manage their dockets," and the Court here properly exercised its discretion to prevent it from doing so.  *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008).

### B.    The Court's Remedy Was Reasonable Under the Circumstances

NEC states in its Motion that "[o]nce a court establishes that a means-plus-function limitation is at issue, it ***must*** construe that limitation …"  Dkt. 37 at 6-7 (emphasis in original; citation omitted).  But the parties only agree that 14 of the 40 disputed claim terms are subject to § 112, ¶ 6.  *See* Dkt. 37-27 (Motion Ex. F) at 2.  Of the remaining 26 disputed terms, the parties agree that 7 of them are not subject to § 112, ¶ 6, and only NEC (but not WSOU) contends that 19 of them invoke § 112, ¶ 6.  These numbers are reflected in the summary table the parties provided to the Court on September 22, 2021, reproduced below:

---

informed WSOU which "terms w[ould] be addressed in NEC's opening claim construction brief." Dkt. 37-24 (Motion Ex. C) at 1.  WSOU was not in a position to object.

| | *No. of terms the parties agree are not subject to § 112, ¶ 6* | *No. of terms the parties agree are subject to § 112, ¶ 6* | *No. of terms NEC asserts are subject to § 112, ¶ 6, but WSOU disputes* | *Total terms* |
|---|---|---|---|---|
| **Brief** | 7 | 4 | 5 | 16 |
| **Appendix** | 0 | 10 | 14 | 24 |

Dkt. 37-27 (Motion Ex. F) at 2.

Accordingly, NEC mischaracterizes the law when it states in its Motion that it is "black letter law that the 31-means-plus-function disputes must be resolved prior to trial . . . ." Dkt. 37 at 7. The Court has not established that 31 means-plus-function terms are at issue. The parties have only agreed that 14 means-plus-function terms are at issue. Although NEC may *contend* that 19 additional claim terms invoke § 112, ¶ 6, WSOU disagrees. Rather, these 19 claim terms have their plain and ordinary meanings. The Court has not established that these claim terms invoke § 112, ¶ 6, and indeed, by NEC's own admission, the Court need not resolve these claim terms at this time. *See, e.g.*, Dkt. 37 at 1 ("To be sure, the Court **may address these terms later on**—and must **before trial**" (emphasis revised)).

Given NEC's position that the 14 indisputably means-plus-function terms must be construed by the Court and the limited window of time for the parties to complete *Markman* briefing, the Court was reasonable in striking the entirety of NEC's opening claim construction submission and requiring NEC instead to brief those 14 terms in its re-submitted opening claim construction brief. Dkt. 37-27 (Motion Ex. F) at 1. On top of those, the Court permitted NEC to select 4 additional terms to brief (for a total of 18 terms). *Id*. NEC did just that, and briefed 18 terms in its re-submitted opening brief. *See* Dkt. 38.

## C.    **NEC's Tactics Prejudiced WSOU**

NEC's contention that there "was never any prejudice to WSOU" (Dkt. 37 at 9) is meritless. To the contrary, in fact, NEC's unilateral, self-serving assertion that WSOU need not respond to

NEC's unauthorized submission does not eliminate the risk to WSOU of NEC's submission being used against WSOU to try to invalidate WSOU's patents.  Furthermore, WSOU needed (and still needs) to direct its limited time and resources to focus on responding to WSOU's court-authorized claim construction submission, and should not be hamstrung in doing so  by having to consider or respond to NEC's unauthorized submission.

To the extent NEC is suggesting in its Motion that NEC was somehow prejudiced by WSOU providing NEC with updated functions and structures for the terms NEC alleged were governed by § 112, ¶ 6, that is simply not true and, regardless, NEC has waived this issue.  To be clear, on August 30, 2021, WSOU provided NEC with updated functions and structures for the claim terms of the '213 patent that NEC contended are governed by § 112, ¶ 6, four days in advance of the September 3, 2021 original due date for NEC's opening brief.  Dkt. 37-28 (Motion Ex. F) at 17-18.  NEC objected and as a remedy demanded that WSOU either (a) agree to permit NEC 60 pages for its opening brief to address dozens of disputed claim terms, or (b) consent to a one-week extension for NEC to file its opening brief.  *Id*. at 16-17.  In response, WSOU consented to the one-week extension NEC demanded, which NEC accepted.  *Id*. at 12-16 (8/31/21 E-mail from NEC's Counsel: "Mark called and offered to relieve any prejudice by agreeing to an extension.  We appreciate that, and revised our email accordingly to no longer raise the prejudice.").  The parties then informed the Court of the agreed-upon one-week extension.  *See* Dkt. 37-23 (Motion Ex. B) at 2-3; Dkt. 28.  Any potential prejudice to NEC by WSOU's disclosure of updated functions and structures was cured when WSOU agreed to the very remedy that NEC demanded.  That issue was fully resolved between the parties, and any further objections were therefore waived by NEC.  For NEC now to suggest that WSOU's August 30, 2021 updated disclosure is at all relevant to NEC's Motion is inaccurate and disingenuous.

**D.      NEC Was Not Denied a Fair Opportunity to Oppose WSOU's Motion to Strike**

Contrary to NEC's assertion (Dkt. 37 at 10), the Court was not obligated to provide for formal motion practice or hold a hearing before deciding to strike NEC's opening claim construction submission.  Rather, the Court acted well within its broad discretion to manage the administration of its docket and enforce its own orders and did not violate the Local Civil Rules by granting WSOU's motion to strike without waiting for NEC to file a formal opposition.  *See* Local Rule CV-1(e) ("Any judge of this court may waive any requirement of these rules regarding the administration of that judge's docket.").  Moreover, WSOU did not "perform[] [an] end run to circumvent a hearing on the record," as NEC baselessly asserts.  To the contrary, the very first paragraph of WSOU's counsel's e-mail to the Court's law clerk regarding the parties' dispute expressly requested "a teleconference with the Court as soon as possible."  Dkt. 37-27 (Motion Ex. F) at 3.

Furthermore, NEC was not unfairly denied an opportunity to oppose WSOU's motion to strike.  When WSOU's counsel contacted the Court's law clerk, it was a joint submission on behalf of both parties and set forth their respective positions.  *Id*. at 2-5.  Whereas WSOU's position consisted of a single paragraph plus a single-sentence request for relief (*id*. at 3), NEC's position spanned multiple pages (*id*. at 3-5).  In response, the Court, through its law clerk, requested clarification regarding "how many § 112, ¶ 6 terms were included" in NEC's opening brief and in Appendix A.  NEC's counsel responded by providing the requested information and submitting yet another paragraph of argument in support of its position.  After considering the parties' respective positions, the Court found that NEC's "tactic" was contrary to the Court's order and struck the entirety of NEC's submission, with instructions to NEC for resubmitting its brief, and instructions to WSOU for filing a formal motion to strike on the docket.  Thus, the Court fully

considered NEC's opposition position when it granted WSOU's motion to strike, and crafted an appropriate remedy in light of the circumstances and the parties' respective positions.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny NEC's Motion.

DATED:  October 4, 2021

Respectfully submitted,

By:  */s/ Mark D. Siegmund*_____

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Pro hac vice forthcoming)
tnguyen@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Pro hac vice forthcoming)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**Law Firm of Walt, Fair PLLC.**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Mark D. Siegmund*
Mark D. Siegmund